## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
|  | * |  |
| **PATRICIA BARRETT, et al.** | * |  |
| **Plaintiff** | * | **CIVIL NO.  JKB-18-3911** |
| **v.** | * |  |
| **A.W. CHESTERTON COMPANY, et al.** | * |  |
| **Defendants** | * |  |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM AND ORDER

Now pending before the Court are four motions for summary judgment brought by: (1) Cross-Defendant John Crane Inc. ("JCI") (ECF No. 143); (2) Defendant Goulds Pumps LLC ("Goulds") (ECF No. 144); (3) Cross-Defendant Crane Co. (ECF No. 154); and (4) Cross-Defendant Schneider Electric USA, Inc., f/k/a Square D Company ("Square D") (ECF No. 155). All four motions are unopposed and no hearing is required. *See* Local Rule 105.6 (D. Md. 2018). The Court will GRANT each motion.

As set forth in the Court's prior Memorandum Opinion (ECF No. 83),[1] this lawsuit arises out of the death of Vincent James Barrett, Jr., who Plaintiffs allege died as a result of mesothelioma caused by exposure to asbestos.  Plaintiffs, Mr. Barrett's administratrix and surviving family members, brought suit in the Circuit Court for Baltimore City seeking recovery against numerous defendants, who Plaintiffs allege are collectively responsible for Mr. Barrett's illness. (Complaint, ECF No. 1-2.)  Various Defendants also brought cross-claims against one another. (*See, e.g.,* ECF No. 12-1.)   The case was removed to this Court (*see* ECF No. 1), and the fact discovery period

---

[1] The procedural history and facts set forth in that Memorandum Opinion are incorporated by reference, and familiarity with this litigation is assumed.

closed on September 29, 2020 (*see* ECF No. 148). In separate filings, JCI, Goulds, Crane Co., and Square D moved for summary judgment, each arguing that no evidence had been produced indicating that it had a role in causing Mr. Barrett's illness. No party opposed any of the motions.

Under Rule 56 of the Federal Rules of Civil Procedure, a party seeking summary judgment must show "that there is no genuine dispute as to any material fact" and that it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If a party carries this burden, then the Court will award summary judgment unless the opposing party can identify specific facts, beyond the allegations or denials in the pleadings, that show a genuine issue for trial. Fed. R. Civ. P. 56(e)(2).

Here, JCI, Goulds, Crane Co., and Square D have all demonstrated their entitlement to summary judgment. Under Maryland law, to establish a defendant's liability for an asbestos-related injury, a plaintiff (or cross-plaintiff) must adduce evidence showing that the defendant's conduct was "a substantial factor in bringing about the harm." *Eagle-Picher Indus., Inc. v. Balbos*, 604 A.2d 445, 459 (Md. 1992). JCI, Goulds, Crane Co., and Square D have each shown that there is no evidence indicating its conduct was a substantial factor in Mr. Barrett's illness. (*See* ECF No. 143 at 5; ECF No. 144 at 5; ECF No. 154 at 5–6; ECF No. 155 at 5–6.) No party has opposed any of the summary judgment motions or provided contrary facts. JCI, Goulds, Crane Co., and Square D are all therefore entitled to summary judgment.

Accordingly, it is hereby ORDERED:

1. Cross-Defendant John Crane Inc.'s Motion for Summary Judgment (ECF No. 143) is GRANTED. John Crane Inc. is DISMISSED from the case.

2. Defendant Goulds Pumps LLC's Motion for Summary Judgment (ECF No. 144) is GRANTED. Goulds Pumps LLC is DISMISSED from the case.

3. Cross-Defendant Crane Co.'s Motion for Summary Judgment (ECF No. 154) is GRANTED. Crane Co. is DISMISSED from the case.

4. Cross-Defendant Schneider Electric USA, Inc., f/k/a Square D Company's Motion for

   Summary Judgment (ECF No. 155) is GRANTED.   Schneider Electric USA, Inc., f/k/a

   Square D Company is DISMISSED from the case.

DATED this 5 th day of January, 2021.


                              BY THE COURT:


                              _____
                              James K. Bredar
                              Chief Judge